UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24570-BLOOM/Torres

FALISHA BELL,

    Plaintiff,
v.

BAYSIDE SURGERY CENTER,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On December 4, 2023, Plaintiff Falisha Bell ("Plaintiff"), proceeding *pro se*, filed the Complaint in this action and paid the required filing fee. ECF Nos. [1], [3]. Because the Court found the original Complaint failed to allege adequately the Court's subject matter jurisdiction, it ordered Plaintiff to amend her Complaint by December 11, 2023. On December 15, 2023, Plaintiff filed an Amended Complaint, which substantially replicates the allegations in the original Complaint. *See generally* ECF No. [5]. Because Plaintiff has failed to establish grounds to invoke this Court's jurisdiction, this action is dismissed without prejudice.

A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 Fed. App'x. 911, 912-13 (11th Cir. 2006) (footnote omitted). This is so because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter

Case No. 23-cv-24570-BLOOM/Torres

jurisdiction, the court is powerless to continue." *Id.* at 410. Although the Court employs "less stringent standards" in assessing *pro se* pleadings, the Court may not act as counsel for a party or rewrite deficient pleadings, and *pro se* litigants must still adhere to well-established pleading standards. *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. App'x. 274, 276-77 (11th Cir. 2008) (quoting *Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976) and citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

"A district court can hear a case only if it has 'at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). Here, the Amended Complaint asserts none of the possible bases for subject matter jurisdiction. Moreover, as the Court has previously explained, this action arises out of medical treatment that Defendant Bayside Surgery Center ("Defendant") provided, which resulted in Plaintiff's injuries. *See* ECF No. [4] at 2. Construing the allegations of the Amended Complaint liberally, this action ostensibly concerns a medical malpractice claim, so the only grounds on which this Court may exercise jurisdiction in this action is diversity jurisdiction.

Federal district courts have diversity jurisdiction in civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Where jurisdiction is based on an undetermined amount of damages, the party seeking to invoke federal jurisdiction must prove the claim meets

2

Case No. 23-cv-24570-BLOOM/Torres

the amount in controversy threshold by a preponderance of the evidence. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quotations omitted). The Amended Complaint does not allege the citizenship of the parties, or an amount in controversy. As such, the Court lacks subject matter jurisdiction, so it is powerless to continue. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Accordingly, it is **ORDERED AND ADJUDGED** that the action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 15, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Falisha Bell
P.O. Box 971095
Miami, FL 33157
Pro Se